UNITED STATES of America,
Appellee,

v.

Raymond C. BICKFORD, Defendant,
Appellant.

No. 7792.

United States Court of Appeals,
First Circuit.

July 14, 1971.

David H. Lamson, Boston, Mass., by appointment of the Court, with whom Hamilton & Lamson, Boston, Mass., was on brief, for appellant.

Frederic R. Kellog, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ Appellant was convicted of conspiracy to violate the narcotic drug laws and aiding and abetting the sale of narcotics. He claims first that the government had not introduced sufficient "threshold proof" of a conspiracy in order to make the declaration of a co-conspirator admissible when offered. United States v. Ragland, 375 F.2d 471 (2d Cir. 1967). Prior to the admission

of the co-conspirator's declaration, testimony was received that (1) appellant had admitted the co-conspirator and the federal agent through the rear door of a theater where negotiations as to the sale of narcotics were conducted; (2) appellant stood guard at the door and, in one instance, warned that "Someone is coming"; (3) and that appellant had driven the co-conspirator to the delivery rendezvous with the package of narcotics beside him on the front seat. Such a record reveals a sufficient "foundational showing of the existence of a common scheme or plan", United States v. Griffin, 434 F.2d 978, 983 (9th Cir. 1970), in which appellant played a substantial role.

■ Appellant next contends that the statement introduced into evidence was not one made in furtherance of the conspiracy and for that reason should have been excluded. The declaration was made by the coconspirator, one LePore, to the federal agent in the back room of the theater prior to negotiations. The agent testified: "I asked Mr. LePore about Mr. Bickford's reliability with respect to the narcotics transaction that was going to take place. Mr. LePore answering that said, Ray knew what was going on and he protects me." Just as an unassuring statement by LePore might well have postponed the transaction, so his assuring his purchaser of the presence and reliability of a lookout "furthered", in a functional sense this conspiracy.

■ Appellant also challenges the court's instructions. Lifting one sentence out of the context of a long charge, appellant points to the omission of a specific requirement that the jury find guilty knowledge on the part of the defendant in order to convict him of aiding and abetting.[1]

Appellant ignores the earlier portion of the charge where the court dwelt at length on the general question of knowledge and how it can and must be proven. In addition, almost immediately subsequent to the sentence appellant finds objectionable, the court stated "if you are satisfied beyond a reasonable doubt that he *knowingly* assisted Mr. LePore in the sale of narcotics, you're to find him guilty. * * * " [Emphasis added.] On this issue, examining the instructions as a whole, we find no error.[2] Charles A. Wright, Inc. v. F. D. Rich, Inc., 354 F.2d 710, 713–714 (1st Cir.), cert. denied 384 U.S. 960, 86 S.Ct. 1586, 16 L.Ed.2d 673 (1966).

■ Finally, appellant contends that the use in the charge of an example taken directly from the testimony invaded the fact-finding province of the jury. The court charged: "Association with an illegal sale may be shown by possession and transportation of the subject matter of the sale as, for example, by driving a car with the narcotics in plain sight on the seat beside you." Appellant claims that this exceeded fair comment and constituted a judicial finding of fact. We do not agree. The cited instruction in no way takes from the jury the task of determining whether the facts referred to in the example are true. The court had earlier made clear to the jury their responsibility as sole trier of facts. *Wright, supra* at 714. This instruction was within the court's power to guide and assist the jury in carrying out its function.

Affirmed.

1. The sentence noted by appellant read: "If you find that Mr. Bickford was in attendance where the place of illegal sale of narcotics was to take place and he provided the means to reach the place, you may find this act on his part constituted aiding and abetting the commission of the crime, in which case he is equally responsible with Mr. LePore."

2. A bench colloquy subsequent to the charge reveals that the district court was persuaded by the prosecution that guilty knowledge was not required to constitute one an aider and abettor under 18 U.S.C. § 2(a). That this impression was not correct, Mack v. United States, 326 F.2d 481, 483, 484 (8th Cir. 1964); United States v. Jones, 308 F.2d 26, 31–33 (2d Cir. 1962); Hernandez v. United States, 300 F.2d 114, 123 (9th Cir. 1962), is not relevant where in fact the charge as a whole stated the government's burden correctly.